**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BARBARA R. KING,<br>        Appellant, | DOCKET NUMBER<br>DA-0752-09-0604-C-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>        Agency. | DATE: April 9, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Barbara R. King, San Antonio, Texas, pro se.

Lawrence Lynch, Joint Base San Antonio, Randoloph, Texas, for the
    agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The agency has filed a petition for review of the compliance initial
decision, which found the agency not in compliance with the Board's prior final
order reversing the appellant's reduction in grade and pay.  For the reasons
discussed below, we GRANT the agency's petition for review IN PART,

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

REVERSE the compliance initial decision IN PART, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      In a remand initial decision dated October 3, 2012, the assigned administrative judge reversed the appellant's reduction in grade and pay, and found that the appellant proved her affirmative defense of whistleblower reprisal. MSPB Docket No. DA-0752-09-0604-B-1, Remand Initial Decision (Oct. 3, 2012). The administrative judge's remand initial decision became the Board's final order when neither party filed a petition for review. *See* 5 C.F.R. § 1201.113. On December 18, 2012, the appellant filed a request for damages based upon the administrative judge's order of corrective action, *see* MSPB Docket No. DA-0752-09-0604-P-1, Addendum Appeal File (AAF),[2] and during the pendency of that proceeding, the appellant raised allegations of agency noncompliance with the Board's final order, *see* AAF, Tab 16. Following a hearing, the administrative judge found the agency not in compliance with the Board's final order because, among other things, the agency did not adequately explain why it took certain steps in calculating the appellant's back pay, it did not award her an additional $5,000 relocation bonus, and it did not demonstrate that it properly calculated her Federal Employees' Retirement System (FERS) contributions and Thrift Savings Plan (TSP) contributions.[3] CID at 5-7, 9.

---

[2] The administrative judge joined the appellant's motion for damages and her petition for enforcement. AAF, Tab 55, Compliance Initial Decision (CID) at 1 n.1. For the purposes of clarity, we are SEVERING the joined appeals and addressing only the appellant's petition for enforcement in this order. The agency's petition for review of the administrative judge's damages award remains pending and will be addressed in a separate order in MSPB Docket No. DA-0752-09-0604-P-1.

[3] As explained below, after the appellant's reduction in grade and pay, but prior to the administrative judge's initial decision, the appellant transferred to a different position within the agency. The appellant does not allege that she has been improperly restored to a different position of employment following the reversal of the agency's adverse action.

¶3	The agency has filed a petition for review arguing that it fully complied with the Board's prior final order by properly calculating the appellant's back pay, and retirement and TSP contributions. Compliance Petition for Review (CPFR) File, Tab 1. In support of its petition, the agency has supplied a declaration from an agency civilian pay analyst, which postdates the initial decision, further detailing the way in which it calculated the appellant's back pay. *Id*. at 11-13. The appellant has filed a response in opposition to the petition for review challenging the agency's reliance on the new declaration and also arguing that the agency has failed to demonstrate that she has been restored to the status quo ante. CPFR File, Tab 3.

The agency has demonstrated that it properly calculated the appellant's back pay through August 28, 2011.

¶4	We offer the following brief facts as background to the compliance issues addressed on petition for review. The agency reduced the appellant in grade and pay from a YA-02 Sexual Assault Prevention & Response Program Manager, to a GS-7, Step 10 Relocation Assistance Technician effective July 19, 2009.[4] AAF, Tab 17 at 15. Both positions were in Texas. *Id*. The appellant applied for and received a transfer to a GS-11, Step 1 position in California effective October 11, 2009, and 2 years later, she applied for and received another transfer to a GS-13, Step 1 position in Colorado effective August 28, 2011. *Id*. at 20, 46. At the time of the appellant's July 2009 reduction in grade and pay, her annual salary (including locality pay) was $79,762, and her annual salary thereafter did not match or exceed this amount until she accepted the GS-13 position in Colorado in August 2011. *See id*. at 15, 46.

¶5	In her compliance initial decision, the administrative judge found that the agency failed to adequately explain the manner in which it calculated the

[4] At the time of her reduction in grade and pay, the appellant's position was classified under the National Security Personnel System (NSPS). NSPS has since been abolished. *See Arrington v. Department of the Navy*, 117 M.S.P.R. 301, ¶¶ 2, 4 (2012).

appellant's back pay. Specifically, the administrative judge found that the agency did not explain why it calculated the appellant's back pay using the rate of pay for a GS-11, Step 10 position as opposed to that of a GS-12, Step 6 position, as sought by the appellant. CID at 4. In making this finding, the administrative judge explained that the base rate of pay for the appellant's position when she was reduced in grade and pay was established by the now-abolished NSPS and that this base rate of pay, $69,278, was equivalent to the base pay rate of GS-12, Step 6 position as of 2009. CID at 5. The administrative judge found that the agency failed to explain why it used the lower base rate of pay for a GS-11, Step 10 position, when calculating the appellant's back pay. CID at 5-6.

¶6        On review, the agency has submitted a declaration from an agency civilian pay specialist, which explains that the agency used the 2009 Los Angeles rate of pay for a GS-11, Step 10 because that amount, $81,476 (including locality pay), was the closest total salary to that of the appellant's former salary, $79,762, without going below this amount.[5] The documents submitted by the agency on review reflect that, if the appellant were to be compensated at the 2009 GS-12, Step 6 salary level for the Los Angeles area, as suggested by the administrative judge, then the appellant's total salary (including locality pay) would be $87,644, or almost $8,000 more than her total salary when the adverse action occurred in 2009.[6] CPFR File, Tab 1 at 16. Based upon this explanation, we find that the

---

[5] Pursuant to agency policy, because the appellant transferred to the California position effective October 11, 2009, the agency used the 2009 GS pay scale for Los Angeles-Long Beach-Riverside, California to calculate her back pay between July 2009 and August 2011. CPFR File, Tab 1 at 12.

[6] The administrative judge did not have the benefit of this explanation below. Reviewing the documents submitted below in light of this explanation, we note that although the base rate of pay for the appellant's position under NSPS was higher than under the GS scale, the locality pay the appellant received under the GS scale was greater. *Compare* AAF, Tab 17 at 15 (showing the appellant's prior NSPS position had a base rate of $70,021 and locality pay of $9,705, for a total salary of $79,726), *with id.* at 21 (showing the appellant's transfer to a GS-11, Step 10 position with a base rate of $64,403 and locality pay of $17,073, for a total salary of $81,476). Although the

agency has adequately explained why it selected the 2009 Los Angeles locality GS-11, Step 10 rate of pay versus the GS-12, Step 6 rate to calculate the appellant's back pay, and we find that the agency has demonstrated compliance with the Board's final order regarding how it calculated the appellant's back pay between July 19, 2009, and August 28, 2011.[7] Additionally, because we find that the agency correctly calculated the appellant's back pay during this time, we find no reason to conclude that her FERS retirement contributions prior to August 28, 2011, were improperly calculated.

¶7        Accordingly, we REVERSE the administrative judge's finding that the agency is not in compliance with the Board's final order insofar as she concluded that the agency failed to adequately explain why it used the GS-11, Step 10 rate of pay in calculating the appellant's back pay between July 2009 and August 2011.    Although we have reached this conclusion based on the explanation contained within the agency's declaration, which was not presented to the administrative judge below, the Board has considered, in previous matters of compliance with a final Board order, a more complete explanation of an agency's compliance effort offered for the first time on review in the interest of ensuring that compliance has been effected.    *See McDonough v. U.S. Postal Service*, 60 M.S.P.R. 122, 125-26 (1993).    The appellant, moreover, has had an opportunity to respond to this information on review, *see* CPFR File, Tab 3, and we find no basis in the record to conclude that the agency erred in its back pay calculations prior to August 28, 2011.

---

appellant's base rates of pay may have differed before and after her reduction in grade and pay because of the abolishment of NSPS, for the limited purpose of demonstrating that she received the correct amount of back pay, we find no error with the agency's reliance on the GS-11, Step 10 rate of pay for the Los Angeles-Long Beach-Riverside, California locality.

[7] The agency's declaration further reflects that the appellant's pay rate was increased effective January 2010, and that this pay rate was used to calculate her back pay through August 2011 because of a wage freeze effective January 2011. CPFR File, Tab 1 at 12, 17-18.

<u>The appellant has not demonstrated that she is entitled to an additional $5,000 relocation bonus.</u>

¶8      During the proceedings below, the appellant also alleged that the agency failed to pay her the full relocation bonus she would have received had she transferred to the California position in October 2009 without being reduced in grade and pay.  AAF, Tab 1 at 6 ("a lateral transfer would [have] resulted in a $10,000 bonus versus the $5,000 bonus received due to taking the assignment as a promotion.").  The administrative judge determined that this $5,000 differential was part of the back pay award to which the appellant was entitled and that the agency was not in compliance with the Board's final order by failing to award her this additional amount.  CID at 9.  On review, the agency submits that relocation bonuses are discretionary and that the appellant has failed to submit any evidence that she would have received an additional $5,000 relocation bonus had she not been reduced in grade and pay.  CPFR File, Tab 1 at 8-9, 36-44.

¶9      Although the Board has held that a bonus awarded in the routine and ordinary course of employment may properly be considered part of a back pay award, *see, e.g.*, *Coffey v. U.S. Postal Service*, [77 M.S.P.R. 281](#), 285 (1998), we find no evidence in the record establishing the appellant's per se entitlement to an additional $5,000 relocation bonus under the facts of this case.  On review, the agency has submitted the Department of Defense's policy for the award of recruitment and relocation bonuses, which reflects that a relocation bonus of "up to 25 percent of basic pay may be offered to certain current employees who must relocate to accept a position in a different commuting area."  CPFR File, Tab 1 at 39.  The appellant, however, has submitted no evidence establishing a pattern of such awards, and we find no basis in the record to conclude that she would have received an additional $5,000 relocation bonus but for her wrongful reduction in grade and pay.  We agree with the agency, moreover, that the appellant has not explained how she concluded that she would have received a $10,000 relocation bonus had she not been reduced in grade and pay, *see* CPFR File, Tab 1 at 9;

pursuant to the agency's relocation bonus program, the appellant would have been eligible for a bonus of up to 25 percent of her basic pay, or approximately $16,100, *see* AAF, Tab 1 at 49. The appellant, however, has offered no explanation as to why she believes she would have been entitled to a $10,000 bonus, as opposed to either the $5,000 relocation bonus she received, or to any other, greater amount, up to $16,100.

¶10 We therefore REVERSE the administrative judge's compliance initial decision insofar as it found the agency not in compliance based on the failure to award the appellant an additional $5,000 relocation bonus as part of her back pay award. *See* CID at 9.

We remand the petition for enforcement for further development of whether the appellant is currently at the correct step in her GS-13 position.

¶11 In addition to challenging the rate of pay used by the agency in calculating her back pay award, the appellant has also alleged that she currently would be at a higher step in her GS-13 position had the agency not taken the reduction in grade and pay in July 2009. CPFR File, Tab 3 at 6 ("[the appellant] should have entered into service as a GS-13 Step 4 versus a GS-13 Step 1 . . . her current GS-13 level [should be changed] from a GS-13 Step 3 to a GS-13 Step 7."). The administrative judge did not address whether the reversal of the appellant's reduction in grade and pay had any effect on the appellant's current step (and corresponding rate of pay), and we are unable to discern from the record whether the appellant would be at a higher step in her current GS-13 position had the reduction in grade and pay not occurred. *See Joos v. Department of the Treasury*, 79 M.S.P.R. 342, 348 (1998) (back pay includes all step increases that an employee would have received but for the wrongful act). We accordingly REMAND to the administrative judge for further development of the record on whether the appellant is currently at the same step had the reduction in grade and

pay not occurred in 2009.[8] *See McDonough*, 60 M.S.P.R. at 129. Additionally, because the appellant's FERS retirement and TSP contributions between August 28, 2011, and the present could be affected if the appellant is entitled to be paid at a higher step (and corresponding higher rate of pay) between August 28, 2011, and the present, we also REMAND to the administrative judge on whether the agency can demonstrate that the appellant has received the proper FERS retirement and TSP contributions during this time.

<u>The administrative judge's remaining findings of agency noncompliance are remanded for further development of the record.</u>

¶12    Finally, the administrative judge found that the agency failed to demonstrate that it complied with the Federal Retirement Thrift Investment Board's regulations concerning the processing of the appellant's TSP contributions, and that it also failed to demonstrate that it removed all references to the reduction in grade and pay from her personnel file. CID at 7-8. The agency argues on review that it demonstrated compliance before the administrative judge below. CPFR File, Tab 1 at 6-7, 9. Based on the compliance issues identified above, which are being remanded to the administrative judge, the appellant's personnel records and TSP contributions may also need to be further corrected or amended. We therefore also REMAND these issues to the administrative judge for further development of the issue of agency compliance. On remand, the administrative judge may consider any

---

[8] In remanding this issue, we recognize that this determination is complicated by the fact that the appellant's position prior to her reduction in grade and pay was classified under NSPS, and that after she accepted the higher-level position in California, but before she transferred to Colorado, NSPS was abolished. The appellant argued below that prior to her conversion to NSPS, she held a GS-12 position but that, after NSPS was abolished, she was wrongly placed into a GS-11, Step 10 position. AAF, Tab 1 at 6. While we find that the use of the rate of pay for the GS-11, Step 10 position was correct for the limited purposes of calculating the appellant's back pay, we cannot discern from the record whether she would have been placed in a higher step upon her transfer to her current position in August 2011 had the 2009 reduction in grade and pay never been effected. Remand of this issue is therefore warranted.

additional information the agency has presented on petition for review, as well as any other evidence demonstrating its compliance with the Board's prior final order.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:         _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.